## FOGLESONG v. GERBER ET AL.

CONTRACT: CONVEYANCE: EVIDENCE CONSIDERED.

*Appeal from Dallas District Court.*

SATURDAY, OCTOBER 25.

THE plaintiff brings this action for the possession of certain lands, and for the quieting of his title thereto, and that the defendant Warford may be compelled to deliver to plaintiffs a deed which Warford has in his possession, executed by the defendants Joseph and Elizabeth Gerber, for the land in controversy. The court entered a decree as prayed in the petition. The defendants appeal.

*Callvert, Macy & Smith,* for appellants.

*North & Woodin* and *Barcroft, Given & Drabelle,* for appellee.

DAY, J.—I. On the 30th day of September, 1875, the defendants Joseph and Elizabeth Gerber entered into a negotiation with the plaintiff for an exchange of sixty-six acres of land which they owned in Dallas county,

Iowa, for their choice of one hundred and sixty acres of land out of two hundred and eighty acres owned by the plaintiff in Sharmon county, Missouri. The plaintiff claims that the trade was completed, that the defendants delivered to the plaintiff the possession of the land in Dallas county, and executed and delivered to him a deed therefor, which was afterward deposited with the defendant Warford until the other defendants should select the one hundred and sixty acres to be deeded to them, and as further security that plaintiff would deed said land pursuant to the terms of his bond at the time executed. The plaintiff further claims that the defendants have failed to select the lands to be deeded to them in Missouri, and that they have surreptitiously resumed possession of the lands conveyed to the plaintiff. The defendants claim that the trade was not completed, that they were to have the privilege of examining the land in Missouri, and if not satisfied with it, that their deed was to be returned by Warford, and the trade was to be at an end. They claim that the land in Missouri was not as represented, that they were not satisfied with it, and that they notified Warford not to deliver the deed to plaintiff, and advised plaintiff that the trade would not be consummated. We have examined the evidence with care, and, whilst it is conflicting, we unite in holding that it supports the claim of the plaintiff, as the court below found.

II. The defendants allege that the Missouri lands are not of the quality and location represented by the plaintiff, and they ask that the contract entered into by them be declared void, and they be released therefrom. The plaintiff executed to the defendants a bond for a deed in which the quality of the land to be conveyed to the defendants is described. Whilst the evidence shows that the land is not of very good quality, we think it is of the character described in the bond. The evidence tends to show that one hundred and sixty acres might be selected out of the two hundred and eighty acres owned by the plaintiff, which would be as valuable as the land traded to plaintiff, subject to the incumbrance which plaintiff was to assume. The judgment is

ʼAFFIRMED.